# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| The Estate of Carol A. Kenyon, | Case No.:_____ |
| Plaintiff, | |
| vs. | |
| L + M Healthcare Health Reimbursement Account; Anthem Blue Cross Blue Shield; Triple S Blue Card; L&M Healthcare, | **PLAINTIFF'S COMPLAINT** <br><br> JANUARY 17, 2019 |
| Defendants. | |

## INTRODUCTION

This is a claim for benefits due under an ERISA-governed health insurance plan. Plaintiff seeks reimbursement for emergency fixed-air transport from Puerto Rico to Florida. All Defendants acted arbitrarily and capriciously, and certainly abused any discretion afforded them, by denying substantially all of the initial claim and refusing to pay any base rate, and then refusing to respond to a mandatory Level One appeal and abandoning Plaintiff. Having abandoned the appeal process and refused to comply with ERISA, Defendants should be ordered to compensate Plaintiff for all amounts sought through a de novo review.

1

## THE PARTIES

1. Plaintiff is the Estate of decedent Carol Kenyon ("Kenyon"), the insured and "beneficiary" under an ERISA plan.

2. The L + M Healthcare Health Reimbursement Account plan (the "Plan") is administered by Defendant Anthem Blue Cross Blue Shield ("Anthem").

3. Anthem is an Ohio business also operating in Connecticut, authorized and existing pursuant to the laws of Ohio and Connecticut.

4. Anthem is the designated Claims Administrator under the plan documents and participated in and approved the decision-making process and was responsible for providing a reasonable process of appealing the denial at issue in this case.

5. Defendant Triple S Blue Card ("Triple S") is a Puerto Rico business entity authorized and existing pursuant to the laws of Puerto Rico. Triple S is named as a Defendant because the Plan designated Triple S as the entity to decide the appeal of the denial of benefits at issue in this matter. It participated in and approved the decision-making process and failed to process the appeal of the denial at issue in this matter.

6. L&M Healthcare ("L&M") is a Connecticut business entity authorized and existing pursuant to the laws of Connecticut. L&M is the Plan Sponsor and ultimately responsible for paying claims as the Plan is a self-insured plan.

7. The Plan is an employee welfare benefit plan within the meaning of

2

the Employee Retirement Income Security Act of 1974 ("ERISA"), found generally at 29 U.S.C. § 1001 *et seq.* The Plan is a self-insured medical plan generally intended to meet the requirements of Internal Revenue Code sections 106 and 105(h). Anthem is the claims administrator of the Plan.

## VENUE AND JURISDICTION

8. Plaintiff has exhausted all mandatory administrative procedures, or has been rebuffed in its appeals efforts by Defendants.

9. This Complaint arises under ERISA and the principles of federal common law developed thereunder.

10. This Court has jurisdiction pursuant to the jurisdictional provision of ERISA, 29 U.S.C. §1132(e)(1), and federal question jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction over the state-law claims

11. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) because this is the district where the insured resides, the Plan was administered, where the breaches occurred, and where coverage and appeal issues were determined.

## FACTS / BACKGROUND

### The Emergency Transport

12. CustomAir Ambulance, LLC ("Custom Air") is a health care provider which rendered emergency services to Ms. Kenyon. At all material times hereto, Defendants dealt directly and consistently with CustomAir, as Ms. Kenyon's

authorized agent, with regard to the claim referenced herein.

13. On or about March 13, 2017, CustomAir was contacted with regard to transporting Ms. Kenyon for medical emergency reasons.

14. Defendant Anthem, as an authorized Plan representative, preapproved and preauthorized under reference #0009622133 the transport, which was determined by Anthem and treating medical staff to be medically necessary.

15. Defendants informed CustomAir that the transport was a covered benefit. Ms. Kenyon and CustomAir had the right to rely, and did actually and reasonably rely, on this representation.

16. But for this representation, CustomAir would not have transported Ms. Kenyon.

17. On March 16, 2017, Ms. Kenyon was transported to Florida from Puerto Rico for necessary emergency care.

18. CustomAir submitted a claim for benefits as required by the Plan.

19. CustomAir billed $437,320, an amount that is customary, reasonable, consistent with similar charges by similar transport companies, and/or otherwise fully reimbursable under the Plan.

20. Shortly after September 5, 2017, the Plan, acting through its authorized agents, issued an Explanation of Benefits ("EOB") that without any explanation substantially denied the claim, and allowed only $20,300 of the billed amounts.

21. The EOB did not properly calculate the miles flown and did not call

for the payment of any amount for the industry custom base rate. The claim was not denied for being out-of-network. The mileage rate was not defined.

22. On or about October 17, 2017, CustomAir received payment of $20,300 in a check made payable to it.

23. Plaintiff appealed the substantial denial through the one mandatory appeal on or about November 28, 2017 (to Triple S) and December 5, 2017 (to Anthem). CustomAir, as Ms. Kenyon's authorized representative, continued to handle the appeal.

24. The Summary Plan Description states that out-of-area appeals should be handled by the BCBS provider that initiated the service. Ms. Kenyon's appeal initially was made to Triple S, which refused to consider the appeal because it did not adjust the original claim.

25. Ms. Kenyon then appealed to Anthem, which did not respond within the required sixty days. CustomAir followed up, to be advised that Anthem also would not process the appeal.

26. CustomAir then contacted an Anthem Vice president on behalf of Plaintiff, and was referred to a risk management division. The risk management division did not process the appeal.

27. This lawsuit followed.

### The Plan and Its Terms

28. Ms. Kenyon was at all material times hereto a Plan participant and

beneficiary of the Plan sponsored by her employer, L&M Healthcare.

29. Plaintiff is the successor to all Ms. Kenyon's rights under the Plan.

30. The Plan terms are set forth in a written document.

31. The Plan was properly executed and adopted, and current as of all times material to this claim.

32. The Plan provides coverage for the services described herein.

33. Ms. Kenyon, through her authorized agent, CustomAir, timely submitted a claim.

34. The Plan, through its authorized agent Anthem, substantially denied the claim, without appropriate explanation as required by applicable law and the Plan itself.

35. Ms. Kenyon timely submitted a Level 1 mandatory appeal. The Plan, did not consider the appeal

36. The Plan has not provided any substantive response to the appeals.

37. L&M has refused to make any further payment under the terms of the Plan, which is self-insured. L&M also refused to respond to multiple telephone calls inquiring as to the issues raised herein.

38. All Defendants have failed and refused to respond to written requests for the factual and/or legal basis of the reimbursement calculation.

39. The Plan ignored Plaintiff's most recent request for more complete explanation, which would include documentation and basic information.

## COUNT ONE

### (Wrongful Denial of Benefits Under An ERISA Plan Pursuant to 29 U.S.C. §1132(a)(1)(B))

40. All prior paragraphs are hereby re-alleged.

41. Ms. Kenyon was at all material times a Plan participant and beneficiary, who timely submitted a claim and mandatory Level 1 appeal.

42. Defendants did not allow the full amount sought in the claim or through the Level 1 appeal.

43. Ms. Kenyon is entitled to full Plan benefits.

44. Based on the above, this Court should award full payment or consider the claims alleged in this Lawsuit on a *de novo* standard.

45. Even if not considered on a *de novo* standard, Defendants acted arbitrarily and capriciously and abused its discretion in denying full coverage under the Plan terms and refusing to explain the basis for its reimbursement calculation, and refusing to hear or consider any appeals.

46. Defendants are in breach of the terms of the Plan in violation of 29 U.S.C. §1132(a)(1)(B). Plaintiff has been damaged by the Plan's denial.

47. Plaintiff is entitled to full payment, pursuant to the Plan terms.

## COUNT TWO

### (Claim in the Alternative for Breach of Fiduciary Duty under ERISA)

48. In the alternative to the theory of relief set forth in Count I, Plaintiff restates and re-alleges the allegations contained in the foregoing paragraphs.

49. Defendants are the Plan administrators and Plan fiduciary.

39. Defendants owed Plaintiff fiduciary duties in the manner they interpreted Plan provisions and considered claims and appeals, and ignored such appeals.

40. Defendants made the determinations and omissions as alleged herein.

41. Defendants owed fiduciary duties to act in the best interests of plan participants and beneficiaries, like Ms. Kenyon, for the purpose of providing benefits under the Plan and to do so as required by 29 U.S.C. § 1104(a)(1).

42. Defendants breached the fiduciary duties they owed to Ms. Kenyon, by among other things: (a) misrepresenting that the Plan would pay the claim at issue; (b) failure to advise regarding other options that would have had a smaller out of pocket to the plan participant; approving and preauthorizing the beneficiary's flight without identifying other options that might be more cost effective under the Plans terms as alleged;; and (c) refusing to timely explain the basis of the reimbursement calculation, or to hear any appeal.

43. Plaintiff has been damaged by Defendants' breaches of fiduciary duties.

## COUNT THREE

**(Equitable Estoppel under the federal common law of ERISA)**

44. All prior paragraphs are re-alleged.

45. Defendants preauthorized and preapproved the fixed-wing transport as alleged herein.

46. Defendants agreed at the outset, on the same information it later reviewed, that the transport was necessary and was covered by the Plan terms.

47. Ms. Kenyon and CustomAir relied on the promise in accepting and furnishing, respectively, the air transport.

48. Plaintiff was damaged by Defendants' failure to pay for the full cost of the air transport services.

49. An injustice would result if Plaintiff is not paid the full cost of the air transport.

50. Extraordinary circumstances exist because CustomAir has been paid less than 5% of the cost of the service it provided in reliance of Defendants' express promise of coverage after inducing CustomAir to perform the service by providing a pre-authorization.

51. Defendants, by their actions and Ms. Kenyon's and CustomAir's express and unambiguous reliance on the assurance of full payment, are estopped to deny that the transport was emergent or otherwise deny payment in full for the amount CustomAir incurred and billed.

## COUNT FOUR

### (Promissory Estoppel under Connecticut common law)

52. The foregoing paragraph 1, 3, and 12 to 27 are hereby incorporated into this Count Four as if set forth herein.

53. Defendants should have reasonably expected that Ms. Kenyon and CustomAir would rely on its agent's prior authorization.

54. Ms. Kenyon and CustomAir reasonably relied upon the Plan's promise in providing the air transportation.

55. Plaintiff was damaged by the Plan's breach of its promise.

56. The Plan, by its agent's actions and Ms. Kenyon's and CustomAir's express and unambiguous reliance on the assurance of full payment, are estopped to deny that the transport was emergent or otherwise deny payment in full for the amount CustomAir incurred and billed.

57. Defendants are estopped from denying the relief sought herein under Connecticut common law.

WHEREFORE, having made the above allegations, Plaintiff appeals to this Court for:

A. Damages and reimbursement in an amount to be proved;

B. Costs and attorneys' fees pursuant to ERISA § 502(g), as amended, 29 U.S.C. § 1132(g);

C. Injunctive relief to estop and prevent Defendants from denying the claim made under the Plan herein;

D.     Pre- and post-judgment interest in the highest lawful rate; and

E.     Such other and further relief as the Court may allow.

Dated:  January 17, 2019.

                               THE ESTATE OF CAROL KENYON

                       */s/ David S. Rintoul*
David S. Rintoul, Esq.
Zeldes, Needle & Cooper, PC
1000 Lafayette Blvd, Suite 500
Bridgeport, CT 06604
Email: drintoul@znclaw.com
Direct: (203) 332-5782
Fax: (203) 333-1489

                       */s/*
Jonathan Frutkin (*pro hac vice motion forthcoming*)
Stephanie A. Webb (*pro hac vice motion forthcoming*)
Radix Law
15205 N. Kierland Blvd., Suite 200
Scottsdale, AZ 82554
Email: webb@radixlaw.com
Phone: (602)606-9315
*Attorneys for Plaintiffs*